378 P.2d 891

Joseph E. NELSON, Plaintiff and Respondent,

v.

Eben R. T. BLOMQUIST, Wayne T. Blomquist and Eben J. Blomquist, d/b/a Blomquist Realty, Defendants and Appellants.

No. 9754.

Supreme Court of Utah.

Feb. 27, 1963.

Ronald C. Barker, Salt Lake City, for appellants.

Owen & Ward, Mark A. Madsen, Salt Lake City, for respondent.

CALLISTER, Justice.

Defendant, Wayne T. Blomquist, appeals from a summary judgment entered against him by the trial court. Summary judgment was denied as to the other defendants but plaintiff has not cross-appealed from this ruling.

The lower court found that on or about March 1, 1960, Wayne T. Blomquist, appellant herein, agreed to purchase from the plaintiff the latter's equity in certain real property for the sum of $1,200. The payment was to be evidenced by a promissory note to be delivered to plaintiff upon execution of the necessary documents to effectuate the transfer. Wayne T. Blomquist failed and refused to deliver the said promissory note after the execution of the necessary documents.

After making the foregoing findings, which are amply supported by the pleadings, affidavits and discovery proceedings contained in the record, the lower court awarded plaintiff a summary judgment against Wayne T. Blomquist.

It is appellant's first contention that the lower court erred in granting a judgment against him as an individual when the complaint was directed against a partnership. This is without merit. This point was never raised below and therefore it is not necessary for this court to consider it. However, it should be noted that while the caption of the complaint uses the term "d/b/a Blomquist Realty" it is not alleged in the body thereof that the named defendants were a partnership. The named defendants were served individually and responded as individuals. In none of their pleadings or other responses did they raise the existence of a partnership.

Appellant's other contention is also without merit. He claims that the alleged indebtedness is not yet due and therefore the action was prematurely commenced. He bases this argument upon the fact that

plaintiff, after the execution of the documents, was tendered a promissory note bearing a due date of February 1, 1963, wherein the Seagull Investment Company appeared as the obligor. According to the admissions of the appellant and the other defendants, this company was not even in existence at the time of the transaction. Plaintiff refused to accept this proffered note which he certainly had the right to do and he should not be bound by the due date contained therein.

Affirmed. Costs to plaintiff.

HENRIOD, C. J., and CROCKETT, McDONOUGH and WADE, JJ., concur.